Michelle L. Boutin
Alaska Bar No.: 8611097
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile  (907) 276-8433
E-mail: Michelleb@lbblawyers.com

Attorneys for Northwest Gold Diggers, LLC

### IN UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ALASKA

In re:

POMRENKE MINING, LLC, a      Case No.  19-00083 GS
Delaware Limited Liability Company,     Chapter 7

Debtor.

### NORTHWEST GOLD DIGGERS, LLC'S JOINDER IN OBJECTION TO CLAIM NUMBER 7 FILED BY JON KEITH BYER FOR OFFICER SALARY

COMES NOW Northwest Gold Diggers, LLC ("NWG"), by and through its counsel of record, hereby files this Joinder in Objection to Claim Number 7 Filed by Jon Keith Byer ("Byer").

Claim number 7 was filed by Jon Keith Byer on May 20, 2019, in the amount of $240,500.00.  The claim is for "officer salary not received pre-petition."

On July 16, 2019, a First Amended Objection to Proof of Claim 7 was filed by Blue Water Mining LLC ("BWM") and ("BWG") [DE 129].  NWG hereby joins in the Objection.

Notice of a hearing on objection to claim 7 was filed and the hearing is set for September 11, 2019, at 11:00 a.m. [DE 130].

Shawn Pomrenke filed Claim 4 which originally included a claim for officer salary. Shawn Pomrenke amended Claim 4 on July 17, 2019, and the Amended Claim 4 does not include a claim for officer salary.

Christine Rose Pomrenke and Steven Pomrenke filed claims for officer salary as well, Claim 2 and Claim 3 respectively. They will be filing a withdrawal of Claim 2 and Claim 3.

At the time of filing the claims by Christine Rose Pomrenke, Steven Pomrenke, and Shawn Pomrenke, it was upon information and belief that there had been board approval for officer salary. No such board approval was found.

NWG opposes officer salary for the following reasons:

• No formal board approval was given for officer salary. The only reference to officer salary was in a fictional pro-forma projection based on receipt of millions of investor monies.

• No officer salary was historically taken pre-petition.

• There was no funding for officer salary pre-petition and no source to pay officer salary post-petition.

• Allowing officer salary claims post-petition when not historically paid would be unfair to the other creditors of the estate.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- Byer took "consulting" fees of $31,298.06 in 2016; $64,500.00 in 2017; $17,170.00 in 2018; and $15,000.00 in 2019.[1]  Byer has been more than reasonably compensated for any benefit he brought to the Pomrenke Mining, LLC.

- For all the reasons stated here allowance of insider officer salaries under the circumstances would be unreasonable and should not be allowed pursuant to 11 U.S.C. 502((b)(4).

NWG requests that Claim 7 be disallowed in full pursuant to 11 U.S.C. §502(b)(4) and Bankruptcy Rule 3007.

### I.  Discussion

11 U.S.C. §502(b) Allowance of claims or interest states:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that---
(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

The Bankruptcy Appellate Panel for the Ninth Circuit in *In re Placide*, 459 B.R. 64 (9th Cir. BAP 2011) addresses Section 502(b)(4). The court states that bankruptcy law governs the allowance of claims, citing to *Butner v. United States*, 440 U.S. 48 – 55 (1979).  Claims may be allowed only to the extent they are

---

[1] From Pomrenke Mining, LLC Profit and Loss Statements for 2016 – 2019.  The "Consulting" fees are not broken out by person.  Other person(s) in the Texas office or other entities may be included in the consulting fees.

NORTHWEST GOLD DIGGERS, LLC'S JOINDER IN OBJECTION TO CLAIM NUMBER 7 FILED BY JON KEITH BYER FOR OFFICER SALARY
*In Re Pomrenke Mining, LLC, a Delaware Limited Liability Company;* Case No. 19-00083
Page 3 of 5

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

reasonable as determined under federal law. The court also stated "Section 502(b)(4) provides that a prepetition claim for services performed by an attorney <u>or insider of the debtor</u> shall be disallowed to the extent the claim exceeds the reasonable value of the services provided. Thus, 'the excess amount of the claim beyond such reasonable value fixed by the court is simply disallowed and may not, therefore, share in the distribution of the debtor's assets." *Id.* at 72 citing to 4 Collier on Bankruptcy §502.03[5][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009).

The ultimate burden of persuasion remains at all times upon the claimant. *Id.* Under 502(b)(4), the claimant attorney or insider bears the burden of proof on the questions of reasonableness of compensation for services. *Id.*

NWG asks that Claim 7 filed by Byer be disallowed. For all the reasons outlined above, it would be unreasonable to allow a claim for salary of an insider of the debtor when no salary was authorized and no salary was historically paid. The salary claim requested is unreasonable. Allowing the claim for salary would be disproportionate to the revenue of the company. It would be unfair to the other creditors of the estate to allow a salary under such circumstances.

## II.  Conclusion

For the forgoing reasons, NWG respectfully requests that Claim 7 be disallowed. NWG reserves the right to supplement this brief with additional facts as learned in discovery.

Notice of this Objection to Claim 7 will be provided in accordance with Bankruptcy Rule 3007 and LBF 13.

Dated this 30th day of July, 2019.

          LANDYE BENNETT BLUMSTEIN LLP
          Attorneys for Northwest Gold Diggers, LLC

By: /s/ *Michelle L. Boutin*
    Michelle L. Boutin
    Alaska Bar No.: 8611097

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of July, 2019, a true and correct copy of the foregoing was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing, and by email and U.S. Mail to:

Carol Bavousett Mattick
CAROL BAVOUSETT MATTICK, PLLC
110 Broadway Street
Suite 690
San Antonio, TX  78205
carol@cbmattick.com

By:
   /s/ Dana Cupp
   Dana Cupp, Legal Assistant
   Landye Bennett Blumstein LLP